IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
JACKSON DIVISION



| | | |
|---|---|---|
| **WILLIE J. GATEWOOD and**<br>**AMY DAVIS, on behalf of**<br>**themselves and all others**<br>**similarly situated,** | § § § § § § | **CIVIL ACTION NO.** |
| **Plaintiffs,** | § § | |
| **v.** | § § | |
| **KOCH FOODS OF**<br>**MISSISSIPPI, LLC,** | § § § | |
| **Defendant.** | § § | |

CIVIL ACTION NO.

3:07cv 82 DPJ-JCS

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

FEB - 9 2007

J. T. NOBLIN, CLERK
BY_____DEPUTY

## COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their counsel, for their Complaint against Defendant, Koch Foods, Inc. ("Koch" or "Defendant"), seek to recover for Defendant's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby state and allege as follows:

## INTRODUCTION

1.      This is a representative action brought pursuant to FLSA § 216(b) by Plaintiffs on behalf of themselves and all other similarly situated current and former production employees of Defendant at its Forest,

Mississippi, facility located in Scott County, Mississippi, for purposes of obtaining relief under the FLSA for unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.      Koch operates a chicken processing plant in Forest, Mississippi ("Forest facility").  The complained of unlawful compensation system at issue in this Complaint has affected Koch's present and former hourly production employees at this location.

3.      In *IBP, Inc. v. Alvarez,* 126 S. Ct. 514 (2005), the United States Supreme Court unanimously affirmed a ruling that IBP's wage and hour policies – those at issue in this case – violated the Fair Labor Standards Act of 1938 ("FLSA").

4.      Koch uniformly denies hourly wages and overtime premium pay to its employees by requiring them to perform "off the clock" work. Koch's deliberate failure to pay employees earned wages and overtime compensation violates federal law as set out in the Fair Labor Standards Act.

5.      Plaintiffs perform multiple tasks, but are all victims to the same illegal policy and practice of failing to pay workers for all time worked,

including unpaid but compensable break periods, unpaid hourly wage times

and unpaid overtime premium wage times.

## JURISDICTION AND VENUE

6.    The FLSA authorizes court actions by private parties to recover

damages for violation of the FLSA's wage and hour provisions.  Jurisdiction

over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28

U.S.C. §§ 1331-37.

7.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)

and (c), because Koch does business in this district and a substantial part of

the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

8.    Defendant is a Mississippi corporation and its agent for service

of process is National Registered Agents, Inc.

9.    Plaintiffs are current Koch employees who have worked at

Koch's Forest, Mississippi, facility within the last three years from the date

of filing of this Complaint, and can be generally categorized herein as "First

Processing" and "Second Processing" employees.

10.    First Processing generally includes those employees who work

in an area of the plant where the product (chickens) is introduced into the

3

plant and placed or hung on "the line" for killing, cleaning, disemboweling, and chilling.

11.     Second Processing generally includes those employees who work in an area of the plant where after the product has completed First Processing, it is further processed, prepared, cut-up, marinated, deboned, weighed, sized, packed, loaded on trucks, etc. for delivery to plant customers.

12.     Plaintiffs are all residents and domiciled in the State of Mississippi.  Plaintiffs have concurrently filed their Consents to Become Party Plaintiffs pursuant to 29 U.S.C. § 216(b).  See attached Exhibit A.

## GENERAL ALLEGATIONS

13.     As an integral and indispensable part of Plaintiffs' jobs, Plaintiffs are required to pass through security when entering and leaving the facility.  Plaintiffs are required to have their employment status verified and their arrival and departures documented, as well as submit to searches of the person and personal possessions.  Plaintiffs aver they are not compensated for the time it takes for security to clear them and allow them into the facility and the compensable time afterwards prior to the commencement of production.

14.     Plaintiffs go to a designated area to receive clothing and/or personal protective equipment (PPE) that is required for the work to be performed.  The employees are required to don certain equipment before moving into the production areas.  The employees are required to perform washing activities associated with preparing for work in the production area.  Depending on whether the employee works in First Processing or Second Processing, the employee may be required to acquire special tools for the work to be performed.  During the course of this process, the employee then must walk a significant distance to arrive at their respective workstations on the line.

15.     When Plaintiffs leave the line for unpaid breaks or at the end of their shift, they again walk a considerable distance to their respective doffing area where they remove their personal protective equipment, wash or sanitize themselves, their PPE, sanitary clothing, and/or equipment or tools and return various clothes, PPE, equipment or tools to the proper areas.

16.     The unlawful compensation system at issue in the Complaint has affected Koch's former and present hourly production employees at its Forest facility.

17.    Under Koch's wage compensation system, it pays Plaintiffs and other similarly situated employees only regularly scheduled time that they are on the production assembly line or in production areas under a system known as master time, master key, line time or gang time, collectively referred to herein as "master time".  Conversely, as a matter of policy, Koch does not pay its hourly employees for required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as the time it takes to clear security, donning and doffing protective and sanitary equipment, cleaning and sanitizing that equipment, as well as themselves, wait time associated with cleaning and sanitizing that equipment, as well as themselves after completion of the first principal activity, walking to and from security and the production line from their locker or dressing area after already performing compensable activities, and waiting in line to return required supplies, tools and other equipment needed for line activities.  In addition, Defendant does not pay its employees for time spent waiting at the line prior to the line start up.  Plaintiffs are required to report to duty before the start of the master time clock and required to continue work after the master time clock has stopped.

6

18.   During the course of the day, Plaintiffs are provided unpaid breaks that require them to walk considerable distances where they remove sanitary clothing and personal protection equipment for their break.  The remaining time allowed for the break is further shortened by the requirement for the employee to wash and sanitize, don his or her sanitary clothing and personal protection equipment and return to the workstation.  Plaintiffs assert these unpaid breaks are compensable.  Alternatively, if the total unpaid break is not deemed compensable, Plaintiffs allege they are owed compensation for the walk time prior to and after unpaid breaks, the time spent donning and doffing clothing and equipment pre- and post-break respectively, and the time spent washing and/or waiting to wash themselves and their equipment.

19.   Koch deducts from Plaintiffs' daily time worked, without regard for the actual time spent on break, two (2) uncompensated breaks of fixed duration.

20.   The time for which Plaintiffs and other similarly situated employees are paid is significantly less than the time they spend at work between the time they begin their integral, essential and indispensable work duties and the time they arrive at their workstations on the line.  The work

time for which Plaintiffs are not paid include, but are not limited to:  (1) changing into the protective required work uniforms, sanitary clothing and protective safety equipment that can include, among other things (depending on the task and whether First or Second Processing):  ear plugs, smocks, work pants and shirts; safety jump suits; safety boots; hair nets; face nets; hard hats; aprons; belts with holsters and knifes; and hand and arm protections; (2) walking to and from security, changing areas, work areas and break areas; washing activities; and (3) breaks that are effectively compensable .

21.    The walking time for which Plaintiffs are not paid occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity.

22.    The required protective work uniforms, sanitary clothing and protective safety equipment that Plaintiffs must wear, and for which they are not paid for donning and doffing times, is required by Koch and/or by government regulation.  Plaintiffs' jobs are dangerous and involve serious health and safety risks.  The circumstances of Plaintiffs' jobs, including vital considerations of health and hygiene, require them to wear the protective work uniforms, sanitary clothing and protective safety equipment.  These

donning, doffing, washing activities, compensable unpaid breaks and walking duties all add up to a significant amount of time every day for which Plaintiffs and others similarly situated are not paid.

23.     In addition to depriving Plaintiffs and others similarly situated of hourly wages for compensable time pursuant to the FLSA, Koch's failure to accurately account for and report all compensable time worked by the Plaintiffs and others similarly situated has deprived Plaintiffs and others similarly situated of what would otherwise be overtime pay pursuant to the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiffs bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to the claims of individually named Plaintiffs, Plaintiffs bring this action as representatives of all similarly situated former and current employees of Koch's Forest, Mississippi, facility.  The potential class of "opt-in" employees can be defined as:

> All current and former hourly 1st and 2nd processing employees of Defendant, paid under a master time compensation system in which individuals' time card punches are not the basis for starting and ending hours worked, who worked at the Forest, Mississippi, facility within three years from the date of filing of this Complaint, and who were not paid for all the time spent

9

performing compensable work-related tasks or legally compensable time, including, but not limited to, authorized unpaid break times, donning and doffing times, washing activity times, time associated with passing through security check points and walking to changing areas and time walking to security and passing through security at the end of the day and walking times to and from break areas or donning and doffing areas, and including time compensable at regular hourly wages, as well as overtime pay for these employees.

25.     The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

26.     Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Koch's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

27.     The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Koch and potential class members may easily and quickly be notified of the pendency of this action.

28.     On information and belief, the Forest, Mississippi, facility employs approximately 500 hourly wage employees who potentially have

FLSA claims similar to the claims set out herein.  Consequently, joinder of all collective action members in a single action is impracticable.

29.     Potential collective action members may be informed of the pendency of this class action through direct mail.

30.     There are questions of fact and law common to the class that predominates over any questions affecting only individual members.  The questions of law and fact common to the class arising from Koch's actions include, without limitation, the following:

a) Whether Plaintiffs were compensated for time spent clearing security and time spent walking from security to their changing areas and from changing areas to security;

b) Whether the security activities at issue are integral or indispensable to Defendant's business activities;

c) Whether Plaintiffs were compensated for time spent donning and doffing clothing and protective gear, washing, and walking to and from their job posts;

d) Whether the donning, doffing and washing activities at issue are integral or indispensable to Defendant's business activities;

e) Whether Plaintiffs were entitled to compensation for time spent donning and doffing, washing activity time, and walking time to and from "the line";

f) Whether Plaintiffs' donning, doffing, washing activity, and walking time is integral and indispensable to their principal activities;

11

g) Whether Defendant failed to pay employees for unpaid breaks that were effectively compensable.

h) Whether Defendant's compensation policy and practice accurately accounts for the time Plaintiffs are actually working;

i) Whether Defendant's compensation policy and practice is illegal;

j) Whether Defendant had a policy and practice of willfully failing to record and compensate employees for all time worked; and

k) Whether Defendant failed to accurately record all compensable time, resulting in a failure to compensate Plaintiffs and other similarly situated employees of regular hourly wages and overtime pay, in violation of Defendant's policies and procedures and the mandate of the FLSA.

31.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

32.     The Collective Action Representatives' claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representatives and were subject to the same or similar unlawful practices as the Collective Action Representatives.

12

33.     A collective action is the appropriate method for the fair and efficient adjudication of this controversy.  Koch has acted or refused to act on grounds generally applicable to the similarly situated current and former employees.  The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Koch and/or substantially impair or impede the ability of Collective Action members to protect their interests.

34.     The Collective Action Representatives are adequate representatives of the similarly situated current and former employees because they are current employees of the same processing plant and their interests do not conflict with the interests of the other similarly situated current and former employees they seek to represent.  The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representatives and their undersigned counsel, who have extensive experience prosecuting complex class action lawsuits.

35.     Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy.  It would be impracticable and undesirable for each member of the collective action who

13

suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications while a single collective action can determine with judicial economy the rights of all collective action members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

**BROUGHT AGAINST DEFENDANT BY ALL INDIVIDUALLY NAMED PLAINTIFFS AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**

36.    Plaintiffs reassert and incorporate by reference paragraphs 1 through 35 as set forth above as if fully restated herein.

37.    At all time material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

38.    The individually named Plaintiffs and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice in violation of the FLSA.

39.    Koch violated the FLSA by failing to account for all compensable time of its employees that resulted in a failure to pay Plaintiffs

and others similarly situated for compensable hourly wages and overtime premium pay.

40.    Koch violated the FLSA by failing to pay for time donning and doffing essential required equipment, integral to the principle work activity.

41.    Koch failed to account for and pay for time walking to and from the line to break areas and/or donning and doffing areas.

42.    Koch failed to account for and pay for time spent clearing security and for time walking to and from security to donning and doffing areas.

43.    Koch failed to account and pay for time allocated as unpaid breaks.  In the alternative, Koch failed to pay for walk time to and from unpaid break areas, time spent donning and doffing on unpaid breaks and washing activities associated with breaks.

44.    In perpetrating these unlawful practices, Koch has also willfully failed to keep accurate records for all of the time worked by its hourly employees.

45.    The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an

15

enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a) (1).

46.     Koch was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

47.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to the Plaintiffs. Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

48.     Koch's failure to accurately record compensable work time was willfully perpetrated. Koch has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid hourly wages and overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that the Defendant did not act willfully in failing to pay all hourly wages and overtime premium pay

wages, Plaintiffs and all similarly situated employees are entitled to an award of pre-judgment interest at the applicable legal rate.

49.   As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Koch from Plaintiffs for which Koch is liable pursuant to 29 U.S.C. § 216(b).

50.   Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because Koch acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

51.   Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

> a) At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former Koch hourly employees (working at Defendant's Forest, Mississippi, location in the last three years) of this action and their rights to participate in this action.  Such Notice shall inform all similarly situated current and qualified

former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they worked "off the clock" for times not paid, including time that may be paid at overtime rates.

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Koch's actions as described in the Complaint are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c) Issue an Order directing and requiring Koch to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursement for unpaid hourly and premium overtime wages (past and future) for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring Koch to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue and Order directing Defendant to reimburse Plaintiffs and other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

f) Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

All Plaintiffs hereby request trial by jury of all issues triable by jury under Mississippi and federal law.

Dated: _____, 2007      Respectfully submitted,

18

**MIKE ESPY PLLC**

Mike Espy
Lamar Life Building
317 E. Capitol Street, Suite 101
Jackson, MS  39201
(601) 355-9101 – Phone
(601) 355-6021 – Facsimile

Defendant may be served at:

National Registered Agents, Inc.
840 Trustmark Building
248 E. Capitol Street
Jackson, MS  39201