IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| VERDIA KING, *et al.*<br>  v.<br>KOCH FOODS OF MISSISSIPPI, LLC | CONSOLIDATED CIVIL ACTION<br>NO. 3:06cv301-KS-MTP |
| WILLIE J. GATEWOOD, *et al.*<br>  v.<br>KOCH FOODS OF MISSISSIPPI, LLC | CIVIL ACTION NO. 3:07cv82-KS-MTP |
| EMMA BRISCO, *et al.*<br>  v.<br>KOCH FOODS OF MISSISSIPPI, LLC | CIVIL ACTION NO. 3:07cv83-KS-MTP |

**STIPULATED ORDER**

WHEREAS, on June 6, 2006, Verdia King filed a complaint in Civil Action No. 3:06cv301 alleging, on behalf of herself and similarly situated employees, that Defendant Koch Foods of Mississippi, LLC ("Defendant") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; and

WHEREAS, on February 9, 2007, Willie J. Gatewood and Amy Davis filed a complaint in Civil Action No. 3:07cv82 alleging, on behalf of themselves and similarly situated employees, that Defendant violated the FLSA; and

WHEREAS, on February 9, 2007, Emma Briscoe, Mardoquo Lopez, Eddie Kimbrough, and Terry Washington filed a complaint in Civil Action No. 3:07cv83, alleging, on behalf of themselves and similarly situated employees, that Defendant violated the FLSA; and

WHEREAS, Defendant timely answered to each of the above-referenced complaints and, therein, asserted various defenses; and

WHEREAS, since the filing of the above-referenced complaints, various current and former employees of Defendant have filed notices of consent forms to join at least

one of the above-referenced actions pursuant to 29 U.S.C. § 216(b) (the "opt-in plaintiffs"); and

WHEREAS, on April 10, 2007, the Court entered a Memorandum Opinion and Order granting the Motion for Conditional Certification in Civil Action No. 3:06cv301 (the "Conditional Certification Order") and on May 10, 2007 entered an Order granting a Joint Motion to Authorize Collective Action Notice, Notice of Consent Form, and Procedure for Issuing Court-Authorized Notice (the "Collective Action Notice Order"); and

WHEREAS, on July 24, 2007, the Court entered an order consolidating the above-referenced actions and instructing all plaintiffs' counsel to address the issue of lead counsel for plaintiffs; and

WHEREAS, during a December 12, 2007, case management conference, all counsel and the Court agreed that the interests of efficiency and economy will be served by: (i) the filing of an amended complaint that consolidates into a single pleading the claims of all named plaintiffs to the complaints, as asserted on behalf of themselves and the opt-in plaintiffs; (ii) the filing of an answer that consolidates into a single pleading all of Defendant's affirmative defenses; and (iii) the closure of the actions currently docketed under Civil Action Nos. 3:06cv301 and 3:07cv83; and

WHEREAS, the parties agree that the consolidation of all claims and defenses into a single set of pleadings to be filed in Civil Action No. 3:07cv82 should not in any way operate to prejudice the rights of Defendant or of any named or opt-in plaintiff;

**NOW, THEREFORE, UPON THE STIPULATION OF THE PARTIES, IT IS HEREBY ORDERED** as follows:

1. The Clerk of Court shall administratively dismiss Civil Action Nos. 3:06cv301 and 3:07cv83;

2. This litigation shall proceed under Civil Action No. 3:07cv82;

3. The consolidation of all claims and defenses into a single set of pleadings to be filed in Civil Action No. 3:07cv82 shall not alter any rights, claims, or defenses of Defendant or of any named or opt-in plaintiff, and, including, but not limited to, the following: (i) each named plaintiff shall be deemed to have commenced his her action on the date his/her complaint was filed with the Court, regardless of the civil action number assigned to the complaint; (ii) each opt-in plaintiff shall be deemed to have joined, subject to Defendant's right to seek decertification,  Civil Action No. 3:07cv82, as amended, pursuant to 29 U.S.C. § 216(b) on the date his/her consent form was filed with the Court, regardless of the civil action in which filed or the civil action number associated with the consent form; (iii) no further court-authorized notice will be issued in Civil Action No. 3:07cv82 without agreement of the parties or separate order of the Court; (iv) Defendant retains the right to seek decertification of Civil Action No. 3:07cv82 after the consolidation of all claims and defenses through the filing of the amended complaint, and such right shall not be affected in any manner by this Stipulation and Order or the actions taken pursuant to its terms; and (v) in the event of decertification, nothing herein shall impact any opt-in plaintiff's right to pursue his/her FLSA claim individually as may otherwise be permitted under existing law.

4. All pleadings and orders previously filed in Civil Action Nos. 3:06cv031 and 3:07cv83 before the entry of this Stipulation and Order shall be maintained in the closed court files for Civil Action Nos. 3:06cv301 and 3:07cv83.  Each of the previous

3

filings will be deemed filed in Civil Action No. 3:07cv82 as of the dates shown on the docket sheet for Civil Action Nos. 3:06cv301 and 3:07cv83.

5. Attorney Roger Doolittle is hereby designated to serve as Lead Counsel for every named and opt-in plaintiff, regardless of the civil action number associated with his/her complaint or consent form, and shall associate with such other counsel as he deems fit to further the interests of the named and opt-in plaintiffs.

**ORDERED**, this the 7th day of January, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT COURT
JUDGE

**AGREED**, this 19th day of December 2007**:**


*/s/ Scott W. Pedigo, Esq.*
Scott W. Pedigo, Esq.
Counsel for Defendant

*/s/ Roger K. Doolittle, Esq.*
Roger K. Doolittle, Esq.
Co-Counsel for Plaiintiffs
in Case No, 3:06cv301 and
Proposed Lead Counsel

*/s/ Richard Celler, Esq.*
Richard Celler, Esq.
Co-Counsel for Plaintiffs
In Case Nos. 3:07cv82 and
 3:07cv83

4