IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WILLIE J. GATEWOOD, et al.**                                                                               **PLAINTIFFS**

**V.**                                                                  **CIVIL ACTION NO. 3:07CV82 KS-MTP**

**KOCH FOODS OF MISSISSIPPI, LLC, et al.**                                                    **DEFENDANTS**

## ORDER DENYING MOTION TO COMPEL DISCOVERY

THIS MATTER is before the court on the plaintiffs' motion [28] to compel disclosure of certain time studies, expert opinions, and other information prepared or compiled by defendants. The court having considered the motion, the response and the applicable law finds that the motion should be DENIED.

During the case management conference held on December 12, 2007, the parties did not request or desire to designate experts during the initial discovery phase, nor did they express any desire to conduct any discovery of expert opinions.  Indeed, the Initial Case Management Order did not include a deadline for expert designations because the parties indicated that no experts would be needed for the initial phase of discovery.

The initial discovery phase was designed to address certain discrete threshold issues for which the parties sought an early decision.  These issues, as identified in the Initial Case Management Order [Docket no. 372 in Cause no. 3:06cv301), included whether the work activities at issue are "preliminary or postliminary" activities excluded from compensability under the Portal to Portal Act, 29 U.S.C. § 254 or are otherwise not compensable pursuant to 29 U.S.C. § 203 (o).  To maximize efficiency and to avoid duplication of effort, the court directed that any depositions taken during the initial discovery phase would be taken for all purposes and would not be limited to these threshold issues.

Plaintiffs complain that the defendant has failed to produce its "time studies or expert opinions regarding the issues in this case." Motion [28], p. 1.  Plaintiffs argue that this information is relevant or otherwise probative to the threshold issues to be addressed.  The court is not convinced that this information is necessary to address these issues.  However, if plaintiffs desired to conduct "time studies," or to utilize experts during the initial discovery phase, they could have either done so or requested leave to do so months ago.

The information requested by plaintiffs is protected by the work product doctrine.  *See Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989) (holding that survey prepared by consulting expert was protected by work-product privilege); *See also* Declaration of Scott W. Pedigo, [31-2], pp. 1-3.  While the information is clearly work product, such information may still be discoverable upon a showing of substantial need. Fed. R. Civ. P.  26 (b)(3). Whether there is a substantial need for information generally depends on whether it is available from other sources.  *King v. Odeco, Inc*., 106 F.3d 396, 1997 WL 33367, at *2-*3 (5th Cir. Jan. 8, 1997)(quoting *Fisher v. Nat'l R.R. Passenger Corp.,* 152 F.R.D. 145, 151-52 (S.D. Ind. 1993)) ("The '[e]xistence of a viable alternative to invading work product will, in most situations ... negate any substantial need.'")

The information is available from other sources.  Once again, plaintiffs could have developed the information they seek with their own experts or by conducting their own studies or observations, but they have chosen not to do so at this stage.  Additionally, the individual plaintiffs, employees or former employees of the defendant, should have knowledge or information regarding their own work activities.   As plaintiffs have or had alternatives for obtaining or developing the requested information, the court declines to order the defendant to

produce the studies or information compiled at the request and direction of defense counsel.

IT IS, THEREFORE, ORDERED that the motion to compel be, and hereby is, denied.

SO ORDERED on this the 9th day of April 2008.

s/ Michael T. Parker<br>United States Magistrate Judge